1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SAGE MOLONEY, | CASE NO. 2:21-cv-06157-CBM(ASx) |
| Plaintiff, | |
| v. | STIPULATED PROTECTIVE ORDER |
| CITY OF LOS ANGELES, a municipal entity; CHIEF MICHEL MOORE in his official and individual capacity; THE COUNTY OF LOS ANGELES; SHERIFF ALEX VILLANUEVA in his official and individual capacity; and DOES 1-10 inclusive, | |
| Defendants. | |

1. **A. PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in

1    Section 12.3, below, that this Stipulated Protective Order does not entitle them to

2    file confidential information under seal; Civil Local Rule 79-5 sets forth the

3    procedures that must be followed and the standards that will be applied when a party

4    seeks permission from the court to file material under seal.

5          **B. GOOD CAUSE STATEMENT**

6          This Action is likely to involve confidential information derived from

7    personnel records, investigatory documents, and other materials subject to privacy

8    protections for which special protection from public disclosure and from use for any

9    purpose other than prosecution of this Action is warranted.  Limiting disclosure of

10   these documents to the context of this litigation as provided herein will, accordingly,

11   further important law enforcement objectives and interests, including the safety of

12   personnel and the public, as well as individual privacy rights of Plaintiff Sage

13   Moloney, individual defendants, and third parties.  Such confidential materials and

14   information consist of, among other things, materials entitled to privileges and/or

15   protections under the following: the United States Constitution, First Amendment;

16   the California Constitution, Article I, Section 1; California *Penal Code* §§ 832.5,

17   832.7, and 832.8; California *Evidence Code* §§ 1040 and 1043 *et seq.*; the Privacy

18   Act of 1974, 5 U.S.C. § 552a; Health Insurance Portability and Accountability Act

19   of 1996 (HIPAA), Public Law 104-191, decisional law relating to such provisions;

20   and information otherwise generally unavailable to the public, or which may be

21   privileged or otherwise protected from disclosure under state or federal statutes,

22   court rules, case decisions, or common law.  Defendants also contend that such

23   confidential materials and information consists of materials entitled to the Official

24   Information Privilege.

25         Confidential information with respect to the Defendants may include but is

26   not limited to: personnel files; internal investigative files and documents; email and

27   written correspondence records; video footage and/or photographs of the incident;

28   and policies and procedures that are kept from the public in the ordinary course of

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

business, as well as other items subject to the Official Information Privilege and other privileges.  Confidential information with respect to Plaintiff Sage Moloney may include the following: psychological and medical notes, evaluations, reports, and treatment plans.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted to reasonably use such material in preparation for and in conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2.  DEFINITIONS

2.1 <u>Action</u>: *Sage Moloney v. City of Los Angeles et al.* CASE NO. 2:21-cv-06157-CBM(ASx.)

2.2 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under *Federal Rule of Civil Procedure* 26(c), and as specified above in the Good Cause Statement.

2.4 <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

2.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1    from a Producing Party.

2    **3. SCOPE**

3      The protections conferred by this Stipulation and Order cover not only

4    Protected Material (as defined above), but also (1) any information copied or

5    extracted  from  Protected Material; (2)  all copies, excerpts, summaries, or

6    compilations of Protected Material; and (3) any testimony, conversations, or

7    presentations by Parties or their Counsel that might reveal Protected Material.

8      Any use of Protected Material at trial shall be governed by the orders of the

9    trial judge. This Order does not govern the use of Protected Material at trial. Instead,

10    any use of Protected Material at trial shall be governed by the orders of the trial

11    judge, and counsel shall attempt to resolve disputes relating to the use of Protected

12    Material at trial consistent with Local Rule 16-2.6.

13    **4. DURATION**

14      Once a case proceeds to trial, all of the information that was designated as

15    confidential or maintained pursuant to this Protective Order may become public and

16    will be presumptively available to all members of the public, including the press,

17    unless compelling reasons supported by specific factual findings to proceed

18    otherwise are made to the trial judge in advance of the trial.  See Kamakana v. City

19    and County of Honolulu, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing

20    "good cause" showing for sealing documents produced in discovery from

21    "compelling reasons" standard when merit-related documents are part of court

22    record).

23    **5. DESIGNATED PROTECTED MATERIAL**

24      5.1 Exercise of Restraint and Care in Designating Material for Protection.

25    Each Party or Non-Party that designates information or items for protection under

26    this Order must take care to limit any such designation to specific material that

27    qualifies under the appropriate standards. The Designating Party must designate for

28    protection only those parts of material, documents, items, or oral or written

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1  communications that qualify so that other portions of the material, documents,
2  items, or communications for which protection is not warranted are not swept
3  unjustifiably within the ambit of this Order.

4       Mass, indiscriminate, or routinized designations are prohibited. Designations
5  that are shown to be clearly unjustified or that have been made for an improper
6  purpose (e.g., to unnecessarily encumber the case development process or to impose
7  unnecessary expenses and burdens on other parties) may expose the Designating
8  Party to sanctions.

9       If it comes to a Designating Party's attention that information or items that it
10 designated for protection do not qualify for protection, that Designating Party must
11 promptly notify all other Parties that it is withdrawing the inapplicable designation.

12      5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this
13 Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise
14 stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
15 under this Order must be clearly so designated before the material is disclosed or
16 produced.

17      Designation in conformity with this Order requires:

18      (a) for information in documentary form (e.g., paper or electronic documents,
19 but excluding transcripts of depositions or other pretrial or trial proceedings), that
20 the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter
21 "CONFIDENTIAL legend"), to each page that contains protected material. If only a
22 portion or portions of the material on a page qualifies for protection, the Producing
23 Party also must clearly identify the protected portion(s) (e.g., by making appropriate
24 markings in the margins).

25      A Party or Non-Party that makes original documents available for inspection
26 need not designate them for protection until after the inspecting Party has indicated
27 which documents it would like copied and produced. During the inspection and
28 before the designation, all of the material made available for inspection shall be

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the meet and

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1 confer process outlined in Local Rule 37.1, *et seq*.

2     6.3   <u>Joint Stipulation</u>.  Any challenge submitted to the Court shall initiate
3 the informal dispute resolution process set forth in the Court's Procedures and
4 Schedules.

5     6.4   The burden of persuasion in any such challenge proceeding shall be on
6 the Designating Party.  Frivolous challenges, and those made for an improper
7 purpose (e.g., to harass or impose unnecessary expenses and burdens on other
8 parties) may expose the Challenging Party to sanctions.  Unless the Designating
9 Party has waived or withdrawn the confidentiality designation, all Parties shall
10 continue to afford the material in question the level of protection to which it is
11 entitled under the Producing Party's designation until the Court rules on the
12 challenge.

13 **7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>**

14     7.1   <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is
15 disclosed or produced by another Party or by a Non-Party in connection with this
16 Action only for prosecuting, defending or attempting to settle this Action.  Such
17 Protected Material may be disclosed only to the categories of persons and under the
18 conditions described in this Order.  When the Action has been terminated, a
19 Receiving Party must comply with the provisions of Section 13 below. (FINAL
20 DISPOSITION.)

21     Protected Material must be stored and maintained by a Receiving Party at a
22 location and in a secure manner that ensures that access is limited to the persons
23 authorized under this Order.

24     7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless
25 otherwise ordered by the Court or permitted in writing by the Designating Party, a
26 Receiving Party may disclose any information or item designated
27 "CONFIDENTIAL" only to:

28     (a) the Receiving Party's Outside Counsel of Record in this Action, as well

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound," (attached and hereafter referred to as "Exhibit A");

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed Exhibit A;.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) deposition witnesses and their attorneys, in the Action to whom disclosure is reasonably necessary, provided the following: (1) the deposing party requests that the witness sign Exhibit A; and (2) the deposing party makes clear that the witness will not be permitted to keep any confidential information unless they sign Exhibit A, unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>**

If a Party is served with a subpoena or a court order issued in other litigation

1 that compels disclosure of any information or items designated in this Action as
2 "CONFIDENTIAL," that Party must:

3    (a) promptly notify in writing the Designating Party. Such notification
4 shall include a copy of the subpoena or court order;

5    (b) promptly notify in writing the party who caused the subpoena or order
6 to issue in the other litigation that some or all of the material covered by the
7 subpoena or order is subject to this Order. Such notification shall include a copy of
8 this Order; and

9    (c) cooperate with respect to all reasonable procedures sought to be pursued
10 by the Designating Party whose Protected Material may be affected.

11    If the Designating Party timely seeks a protective order, the Party served with
12 the subpoena or court order shall not produce any information designated in this
13 action as "CONFIDENTIAL" before a determination by the court from which the
14 subpoena or order issued, unless the Party has obtained the Designating Party's
15 permission. The Designating Party shall bear the burden and expense of seeking
16 protection in that court of its confidential material and nothing in these provisions
17 should be construed as authorizing or encouraging a Receiving Party in this Action
18 to disobey a lawful directive from another court.

19    **9. <u>A NON-PARTY PROTECTED MATERIAL SOUGHT TO BE</u>**
20        **<u>PRODUCED IN THIS LITIGATION</u>**

21    (a)    The terms of this Order are applicable to information produced by a
22 Non-Party in this Action and designated as "CONFIDENTIAL." Such information
23 produced by Non-Parties in connection with this litigation is protected by the
24 remedies and relief provided by this Order. Nothing in these provisions should be
25 construed as prohibiting a Non-Party from seeking additional protections.

26    (b)    In the event that a Party is required, by a valid discovery request, to
27 produce a Non-Party's confidential information in its possession, and the Party is
28 subject to an agreement with the Non-Party not to produce the Non-Party's

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1   confidential information, then the Party shall:

2       (1) promptly notify in writing the Requesting Party and the Non-Party

3   that some or all of the information requested is subject to a confidentiality

4   agreement with a Non-Party;

5       (2) promptly provide the Non-Party with a copy of this Order in this

6   Action, the relevant discovery request(s), and a reasonably specific description of

7   the information requested; and

8       (3) make the information requested available for inspection by the Non-

9   Party, if requested.

10      (c)    If the Non-Party fails to seek a protective order from this Court within

11  fourteen (14) days of receiving the notice and accompanying information, the

12  Receiving Party may produce the Non-Party's confidential information responsive

13  to the discovery request.  If the Non-Party timely seeks a protective order, the

14  Receiving Party shall not produce any information in its possession or control that is

15  subject to the confidentiality agreement with the Non-Party before a determination

16  by the court.  Absent a court order to the contrary, the Non-Party shall bear the

17  burden and expense of seeking protection in this Court of its Protected Material.

18      **10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

19      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

20  Protected Material to any person or in any circumstance not authorized under this

21  Order, the Receiving Party must immediately (a) notify in writing the Designating

22  Party of the unauthorized disclosures, (b) use its best efforts to retrieve all

23  unauthorized copies of the Protected Material, (c) inform the person or persons to

24  whom unauthorized disclosures were made of all the terms of this Order, and (d)

25  request such person or persons to execute Exhibit A.

26      **11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**
27      **PROTECTED MATERIAL**

28      When a Producing Party gives notice to Receiving Parties that certain

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in a subsequent stipulation to the court.

**12.** **MISCELLANEOUS**

12.1 <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Order.

12.3  <u>Filing Protected Material</u>.  A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

**13.** **FINAL DISPOSITION**

After the final disposition of this Action, as defined in Section 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work-product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4, (DURATION).

### 14. **VIOLATION**

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

1    DATED: December 9, 2021          HURRELL CANTRALL LLP

2

3

4                                     By: /s/ Blessing O. Ekpezu

5                                          THOMAS C. HURRELL
                                           GARY P. FIDONE
6                                          BLESSING O. EKPEZU
                                           Attorneys for Defendants CITY OF LOS
7                                          ANGELES and CHIEF MICHEL
8                                          MOORE

9    DATED: December 8, 2021          V. JAMES DESIMONE LAW
                                      By:
10

11

12

13                                         V. JAMES DESIMONE
                                           CARMEN SABATER
14                                         EMILY C. BARBOUR
                                           Attorneys for Plaintiff SAGE MOLONEY
15
     DATED: December 9, 2021          LAWRENCE BEACH ALLEN & CHOI, PC
16

17

18                                    By:            Paul B. Beach

19                                         PAUL B. BEACH
                                           Attorneys for Defendants COUNTY OF
20                                         LOS ANGELES and SHERIFF ALEX
21                                         VILLANUEVA

22

23            FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

24

25

26

27

28

1    DATED: <u>December 10</u>, 2021

2

3                                                    /S/

4                                    _____
                                     HONORABLE ALKA SAGAR
5                                    United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE  (213) 426-2000

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare under

penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Central

District of California on [         ] in the case of *Sage Moloney v. City of Los Angeles*

*et al.* CASE NO. 2:21-cv-06157-CBM(ASx.) I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment

in the nature of contempt.  I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.   I

further agree to submit to the jurisdiction of the United States District Court for the

Central District of California for enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this Action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this Action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

-16-